# MEMORANDUM OF LAW

## I. STATEMENT OF FACTS

The defendants—Linda Wenxin Wu, Mingwen Zheng, and Zhong Wu—have engaged in a continuing pattern of coercive, threatening, and extortionate conduct toward the victim, Zijie Yin, including but not limited to:

- **Physical Abuse**: Forcing Yin to kneel outdoors for extended hours in January 2025 and May 2025 as punishment;
- **Psychological Control**: Installing a surveillance camera in Yin's room, restricting his communication, and forbidding him from speaking freely;
- **Threats and Immigration Coercion**: Repeatedly threatening to report Yin's expired immigration status and falsely asserting he would be "sent to Africa";
- **Coerced Confession and Financial Extortion**: Forcing Yin to write and notarize a "repentance statement" dictated by Wu, demanding payment of $350,000 (including $310,000 in alleged "losses" and $40,000 in "truck fees");
- **Extortion**: Extracting approximately $220,000 from Yin's father through threats of exposure and humiliation, including threats to publicize alleged "crimes" online if full payment was not made.

These threats, transmitted through WeChat messages, constitute a credible and ongoing danger to the victim's safety and mental health.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3142(c)(1)(B), a judicial officer may impose any condition deemed necessary to reasonably assure the appearance of the defendant and the safety of any person or the community, including "no contact" and "stay-away" restrictions.

Courts have consistently recognized that protective conditions are appropriate where a pattern of harassment, intimidation, or threats endangers a victim or witness.
See United States v. Cisneros, 328 F.3d 610, 616–17 (10th Cir. 2003).

## III. ARGUMENT

**Point I – Specific Facts Demonstrate a Need for Immediate Protective Conditions.**

The conduct described above shows credible and continuing threats to Yin's physical and emotional safety. Without a no-contact order, there remains a substantial risk of obstruction, intimidation, or retaliation.

**Point II – The Requested Conditions Are Narrowly Tailored.**

The proposed restrictions directly address the risk of continued intimidation and coercion while preserving defendants' liberty. They are the least restrictive means consistent with § 3142.

**Point III – Absence of Protective Conditions Creates Ongoing Danger.**

Prior warnings have proven ineffective. Only a formal order enforceable by law enforcement can adequately assure Yin's safety and prevent further harm.

## RELIEF REQUESTED

Movant respectfully requests that this Court enter the attached **Proposed Order** imposing no-contact and stay-away conditions as a term of defendants' pretrial release.

In the alternative, movant requests that existing release conditions be modified to include such protections pursuant to 18 U.S.C. § 3142(c)(3).